THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TELINIT TECHNOLOGIES, LLC,**<br><br>                Plaintiff,<br><br>v.<br><br>**BITRIX, INC.,**<br><br>                Defendant. | **Civil Action No. 2:16-cv-826**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Telinit Technologies, LLC ("Plaintiff") makes the following allegations against Bitrix, Inc., ("Bitrix" or "Defendant"):

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent Defendant from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Plaintiff, from U.S. Patent No. 7,016,942 (the "'942 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs

## PARTIES

2. Plaintiff Telinit is a Texas corporation with its principal place of business at 214 W. Fannin St., Suite 16, Marshall, Texas 75670.

3. Upon information and belief, Defendant Bitrix, Inc., is a Virginia corporation with a principal place of business at 901 N. Pitt St., Suite 325, Alexandria, Virginia, 22314. Bitrix, Inc., may be served through its registered agent, Dimitri Dubograev.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendants have transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## FACTUAL ALLEGATIONS

7. On March 21, 2006, the United States Patent and Trademark Office (USPTO) duly and legally issued the '942 patent, entitled "Dynamic Hosting" after a full and fair examination.

8. Plaintiff is presently the owner of the patent, having received all right, title and interest in and to the '942 patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '942 patent, including the exclusive right to recover for past infringement.

9. The '942 patent is valid and enforceable.

10. The '942 patent contains four independent claims and 24 dependent claims. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one

claim of the '942 patent, and also makes, uses, sells and/or offers to sell products that encompass at least one claim of the '942 patent. The invention claimed in the '942 patent includes a computer-implemented method for channeling data through a network from an initial server or client connection to direct communication between two client computers.

11. The method includes at least two computers connecting through a network to a static server which can be accessed through a predesignated address. The computers can be identified as a first computer ("First Computer") and a second computer ("Second Computer").

12. The before mentioned computers establish a communication session with the static server at a time in which both computers are not presently communicating with each other. Once that connection with the static server is established, the First Computer transmits initial data to the Second Computer through the static server.

13. Afterwards, and while maintaining network connectivity to said static server, the First Computer directly transmits a second data to said Second Computer without said static server intervening.

14. Alternatively, the method includes the above mentioned steps and a static server evaluating at least one operational characteristic of the First Computer, where the static server selects said First Computer as a dynamic host.

15. The method may include other additional steps and variations accounted for in the various independent and dependent claims of the '942 patent.

## THE INFRINGING PRODUCTS

16. The infringing products, including, but not limited to, "Bitrix 24 Free LAN Messenger" (the "Infringing Products"), use a voice and video calling API to connect two users in a single call session and transfer voice and video data between connected users. *See* https://www.bitrix24.com/uses/free-lan-messenger.php.

17.     The Infringing Products employ a pair of computers that channel video and voice data using both an initial client-to-server connection and then a direct user-to-user (client-to-client) communication.

**Free LAN Messenger**

Using Bitrix24 as a free LAN messenger is one of the most popular options. And what's not to love? Instant messages, group chat, file sharing, voice calls, video calls, videoconferencing, telephone calls, mobile messaging for Android and iOS - these are just few of the communication tools that you get when you start using Bitrix24. Best of all, Bitrix24 is available in cloud or as a self hosted software that you can install on your server. On premise version comes with open source code that you can modify as necessary. If you are looking for network messenger software, give Bitrix24 a try.

*See* https://www.bitrix24.com/uses/free-lan-messenger.php

18.     In the Infringing Products, before a video or voice call session can occur, client computers must be signed in to the Bitrix 24 application. In requesting a call, client computers, such as mobile devices and tablet computers, connect through a network to a Bitrix call server that identifies the IP addresses of the client computers. During this process, client computers share data with the server letting the server know they want to make a voice or video call. By doing so, client computers also give the server information about themselves, including their IP address. The Bitrix server utilized by the Infringing Products facilitates the client-to-client connection, indicating that client computers are not communicating with each other prior to being connected via the Bitrix server.



19.     After identifying both users, a peer-to-peer network between the users is set up. Thus, the client-to-client connection allows for direct communication between the client computers.



20.     Bitrix designs, develops, uses, offers for sell, and sells the Infringing Products. Bitrix does not allow users to edit and/or modify the object code of the Infringing Products. As such, Bitrix directs or controls the execution of each and every step in the Infringing Products.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,016,942**

21.     Plaintiff incorporates by reference the facts in paragraph 16-20 above.

22.     Defendant has been and is now infringing at least Claims 13 and 14 of the '942 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale systems and services such as the "Bitrix 24" Free LAN Messenger.

23.     Defendant infringes claim 13 of the '942 patent by making, using, importing, providing, supplying, distributing, selling, and/or offering for sale the "Bitrix 24" Free LAN Messenger, which connects a first and second client computer through a network to a static server at a pre-designated address; thereby respectively establishing a communication session with said static server;  wherein said first client computer and said second client computer not communicating with each other prior to respectively establishing said communications session with said static server; first computer transmitting a first data to said second computer via said static server; while said first computer maintaining network connectivity to said static server, said first computer directly transmitting a second data to said second computer without said static server intervening.  Bitrix 24 connects the first and second client computers to a static server such as "bitrix.com."  Once Bitrix 24 connects the first and second client computers to the static server and the first client computer sends a first data to the second client computer via the static server (signaling process), the first computer directly transmits to the second computer without the static server intervening.

24.     Defendant infringes claim 14 of the '942 patent by making, using, importing, providing, supplying, distributing, selling, and/or offering for sale the "Bitrix 24" Free LAN Messenger, which connects a third client computer connecting to said static server after said first and second computers, wherein said third client computer and said first client computer not

communicating with each other prior to said third computer connecting to said static server; said first client directly transmitting at least a portion of said second data to said third client computer without said static server receiving said transmission.  For example, after the first client computer finished the signaling process with the second and third client computers through the static server (pcitesting.bitrix24.com) to establish a group voice or video conference the first client computer will send the same video or audio conference data (second data) to both the second and the third client computers.

| Source IP | Destination | Protocol | Length |
|---|---|---|---|
| 192.168.1.125 | 192.168.1.36 | UDP | 1168 |
| 192.168.1.125 | 192.168.1.36 | UDP | 1167 |
| 192.168.1.125 | 192.168.1.36 | UDP | 1168 |
| 192.168.1.125 | 192.168.1.211 | UDP | 153 |
| 192.168.1.125 | 192.168.1.211 | UDP | 958 |
| 192.168.1.125 | 192.168.1.36 | UDP | 1167 |
| 192.168.1.125 | 192.168.1.36 | UDP | 1168 |
| 192.168.1.125 | 192.168.1.36 | UDP | 1167 |
| 192.168.1.125 | 192.168.1.211 | UDP | 959 |
| 192.168.1.125 | 192.168.1.211 | UDP | 958 |

First computer client address — Second computer client address — Third computer client address

25.     Defendant is directly infringing, literally infringing, and/or infringing the '942 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '942 Patent pursuant to 35 U.S.C. § 271.

26.     As a result of Defendant's infringement of the '942 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

27. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '942 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '942 Patent;

2. A permanent injunction enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '942 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '942 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED July 27, 2016.  Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
TELINIT TECHNOLOGIES LLC**